

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

**Dated: November 3rd, 2021**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>GERALD ROSCOE MOLLOHAN,<br><br><br>Debtor. | CASE NO. 21-bk-20130<br><br>CHAPTER 13<br><br><br>JUDGE B. MCKAY MIGNAULT |
| BROTHERS OF THE WHEEL MC EXECUTIVE COUNCIL, INC.,<br><br>Plaintiff,<br>v.<br><br>GERALD ROSCOE MOLLOHAN,<br><br><br>Defendant. | ADVERSARY PROCEEDING NO. 2:21-ap-02007 |

## OPINION AND ORDER IMPOSING SANCTIONS AGAINST DEFENDANT

This matter came before the Court October 19, 2021 at 11:00 a.m. (the "Show Cause Hearing") on this Court's *Order Setting Show Cause Hearing* [dckt. 64] requiring Defendant to show cause why he should not be sanctioned pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and/or the Court's authority to enjoin vexatious and abusive litigation.

Defendant appeared *pro se* at the Show Cause Hearing, which was held in conjunction with hearings on multiple filings submitted by Defendant of concern to the Court because they appear to mischaracterize facts, accuse Plaintiff and Plaintiff's counsel of crimes and

other bad acts without evidentiary basis or relevance to this Adversary Proceeding, and assert legal

arguments that are not colorable under the law.

## II.

### A.    Governing Standard

Bankruptcy Courts, like all courts, have a duty to address abusive litigation when

litigants cross the line.  As aptly explained by Judge Hopkins, United States Bankruptcy Judge for

the Southern District of Ohio:

> [W]hen litigants cross the line and their conduct during the litigation
> becomes abusive, courts cannot remain idle bystanders.  Judges are
> obligated to address that behavior lest the judiciary, our Third
> Branch of government, risk[ ] devolving into just another place
> where individuals can act out their aggressions and frustrations
> unbound by respect for the rule of law, common etiquette and proper
> decorum.  The bankruptcy court, like any federal court, is a forum
> for peaceful resolution of financial disputes and where mutual
> respect among parties and attorneys should be exhibited at all times.

*In re Jones*, --- B.R. ---, Case No. 19-13425, 2021 WL 4168110, at *1 (Bankr. S.D. Ohio Sept. 2,

2021).

*Pro se* defendants, like all parties before this Court, must comply with Rule 9011

of the Federal Rules of Bankruptcy Procedure.  *McGahren v. First Citizens Bank & Trust Co. (In*

*re Weiss)*, 111 F.3d 1159, 1170 (4th Cir. 1997) ("Rule 9011 does not exempt *pro se* litigants from

its operation; a *pro se* litigant has the same duties under Rule 9011 as an attorney.") (citations

omitted).  Rule 9011 is derived from Rule 11 of the Federal Rules of Civil Procedure, and like

Rule 11, the goal of Rule 9011 is "to deter baseless filings . . . and thus, . . . streamline the

administration and procedure of the federal courts."  *Cooter & Gell v. Hartmarx Corp.,* 496 U.S.

384, 393 (1990); *see also* 10 COLLIER ON BANKRUPTCY ¶ 9011.01 (16th ed. 2021) (the purpose of

Rule 9011(b) is "to deter baseless filings in bankruptcy court and thus avoid unnecessary judicial

effort, the goal being to make proceedings in that court more expeditious and less expensive.").

Rule 9011(b) of the Federal Rules of Bankruptcy Procedure provides that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney *or unrepresented party* is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b) (emphasis added).  Rule 9011(b)'s enumerated improprieties are only examples of conduct that constitute an improper purpose.  *See In re Kersner*, 412 B.R. 733, 743 (Bankr. D. Md. 2009) (citing *Carefirst of Md., Inc. v. First Care, P.C.,* 422 F.Supp.2d 592, 598 (E.D. Va. 2006)).  Improper conduct, therefore, can include a variety of behavior.  *Id.*

"If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction . . . ."  Fed. R. Bankr. P. 9011(c).  Any sanction imposed "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some

3

or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Bankr. P. 9011(c)(2). To determine if sanctions are warranted under Rule 9011(b), the Court may also look to cases that interpret Federal Rules of Civil Procedure 11. *McGahren*, 111 F.3d at 1170.

To determine whether a particular signatory acted with an improper purpose under Rule 9011(b), the Court must view the signatory's conduct under an objective standard of reasonableness. *Id.* (citing *Robeson Def. Comm. v. Britt (In re Kunstler),* 914 F.2d 505, 514 (4th Cir. 1990), *cert denied* 499 U.S. 969 (1991)). This means that the Court "must derive the signer's purposes from objective evidence of the signer's motive in filing the document," which may include "circumstantial facts that surround the filing." *Id.* at 1171 (citations omitted). "Baseless allegations also indicate an improper purpose." *Id.* (citations omitted). Filing documents for the central purpose of delaying legal proceedings also constitutes an improper purpose. *Id.* (affirming bankruptcy court decision sanctioning *pro se* litigant for filing documents for the improper purpose of delaying or avoiding a collateral state foreclosure).

A claim is frivolous and in violation of Rule 9011(b) when, applying a standard of objective reasonableness, no reasonable attorney—or, in this case, *pro so* litigant—in like circumstances could have believed his actions to be legally justified. *Cox v. Saunders (In re Sargent)*, 136 F.3d 349, 352 (4th Cir. 1998). "The legal argument must have absolutely no chance of success under the existing precedent to contravene the rule." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (internal citations and quotations omitted). Whether a claim is frivolous or nonfrivolous depends on whether the signatory "conducted an adequate inquiry into the facts and the law *before* he filed the claim." *See, e.g., Matter of Excello Press, Inc.*, 967 F.2d 1109 (7th Cir. 1992) (emphasis added); *In re Panthera Enters., LLC*, No. 19-bk-00787, 2021 WL

4

1235788, at *5 (Bankr. N.D. W. Va. April 1, 2021) (explaining that a document is well grounded in fact under Rule 9011(b)(3) if the signatory performed an investigation into the facts before representing them in documents submitted to the court).

Additionally, this Court "possess[es] the inherent power to regulate litigants' behavior and to sanction wrongdoing by litigants." *See, e.g., White v. Mitchell (In re Hardee),* 165 F.3d 18, 1998 WL 766699, at *3 (4th Cir. Oct. 20, 1998) (citing *McGahren*, 111 F.3d at 1171; *A.H Robins Co. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir. 1986)).  This broad power permits federal courts to address a "full range of litigation abuses," including the power to impose sanctions for contempt, control admission to its bar, discipline attorneys, vacate the court's own judgment when fraud has been perpetuated upon the court, act *sua sponte* to dismiss a suit for failure to prosecute, and fashion other appropriate sanctions for conduct abusive to the judicial process. *See Chambers v. NASCO*, Inc., 501 U.S. 32, 44–47 (1991) (citations omitted).  Because of "their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citation omitted).  The court may utilize this inherent power in conjunction with, or in lieu of, its other sanctioning powers. *See id.* at 46–50; *see also Blue Cross Blue Shield of North Carolina v. Jemsek Clinic, P.A. (In re Jemsek Clinic, P.A.),* 850 F.3d 150, 156 (4th Cir. 2017) ("[B]ankruptcy courts have the inherent power to sanction parties who abuse the litigation process in bad faith.") (internal citations omitted); *In re Heck's Props., Inc.,* 151 B.R. 739, 765 (S.D. W. Va. 1992) ("It is well-recognized . . . , quite apart from Rule 9011, that courts have the inherent authority to impose sanctions upon litigants who [are] found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons.").  "[A] bankruptcy court has considerable leeway to fashion an appropriate sanction." *In re Jemsek Clinic, P.A.*, 850 F.3d at 160.

This Court also has authority to sanction abusive litigation under 11 U.S.C. § 105(a). Section 105(a) authorizes this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Code and to "*sua sponte*. . . tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process." 11 U.S.C. § 105(a). This includes the power to award sanctions upon a finding of misconduct, such as when a litigant intentionally abuse[s] the judicial process in an unreasonable and vexatious manner. *See, e.g., In re Lewis*, 611 Fed. App'x 134, 137 (4th Cir. 2015) (affirming bankruptcy court's authority to sanction counsel for misconduct by suspending bar privileges in the district, requiring submission of monthly reports with respect to existing clients, and requiring payment of sanctions and disgorgement of fees pursuant to its inherent powers and Section 105(a)); *Kreisler v. Goldberg,* 478 F.3d 209, 215 (4th Cir. 2007) (holding that Section 105(a) empowers the bankruptcy court to enjoin continuing litigation) (*citing A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1002 (4th Cir. 1986)); *Burd v. Walters (In re Walters)*, 868 F.2d 665, 669 (4th Cir. 1989) (affirming bankruptcy court order holding attorney in civil contempt pursuant to Section 105(a)).

**B.    Analysis**

Upon consideration of the pleadings, evidence, and sworn testimony offered at the Show Cause Hearing, the Court finds that the Defendant's conduct, evaluated under an objective standard of reasonableness, warrants sanctions under Federal Rule of Bankruptcy Procedure 9011(b), as well as this Court's inherent powers and 11 U.S.C. § 105. The documents filed with the Court and testimony presented at the Show Cause Hearing demonstrate that Defendant's filings have been submitted for the improper purpose of harassment in violation of Rule 9011(b)(1) and, in at least one instance, to mislead the Court.

First, the long history between the parties adds context relevant to the Defendant's motivation to harass Plaintiff. Prior to this Adversary Proceeding, Plaintiff and Defendant engaged in over a decade of contentious litigation relating to use of trademarks. Defendant was once a member of Plaintiff's organization, Brothers of the Wheel M.C. Executive Council. He left the club in 2000, and "[a]lthough Mollohan could have given his new club virtually any name, he chose, 'Brothers of the Wheel Nomads'" and "also began using the logo of his former club to represent his own."[1] Case No. 2:13-cv-32251 (S.D. W. Va.), *Mem. Op. and Order* [dckt. 375]. Trademark litigation ensued, and Defendant was ultimately enjoined from using his trademark logo and from use of the word mark "Brothers of the Wheel" and the acronym "BOTW" by Order dated November 14, 2012 in Case No. 2:11-cv-00104 (S.D. W. Va.) [dckt. 60]. Notably, Defendant continues to use these word marks and acronyms to identify himself in certain submissions filed with this Court. Examples from Defendant's filings at docket numbers 25 and 43 are shown below:

---

[1]    Plaintiff's Mark No. 2926222 appears below on the left, while Plaintiff's Mark 85241480 (which he is enjoined from using) is on the right, in both black & white and color. *See* Case No. 2:11-cv-00104 (S.D.W. Va.), *Mem. Op. and Order* [dckt. 59].





Gerald Roscoe Mollohan, Pro Se Litigant
(Gerald R. Mollohan  AKA  BROTHERS OF THE WHEEL)
Answering Defendant/Counterclaim Plaintiff
The Legitimate BROTHERS OF THE WHEEL
Owner: U.S. Registration No. 4299480 - 85509063(Application No.)
Owner: Trademark Application No.:      90564887, 85881022, 88473953,
                                                            88633793, 86124439, 86143051,
                                                            85509063, 86053495, 86053498,
                                                            8524480(Dead)
Owner: Copyrights: VAu 1-178-625, TXu 1-827-219, TX 7-800-119,
                                VA 1-908-258

Gerald Roscoe Mollohan, Defendant Pro Se Litigant
(Gerald R. Mollohan)
Owner - Trademark Reg. No.: 4299480
Word Mark:    "BROTHERS OF THE WHEEL"
Letter Mark:   "BOTW"

Second, the sheer volume of the filings submitted by Defendant alone is indicative of a vexatious, abusive purpose to harass Plaintiff.  On the date of the Show Cause Hearing, Defendant had filed approximately 50 documents totaling approximately 775 pages in a little over 2 months.

Third, Defendant appears to have engaged in a pattern and practice of such filing tactics in prior litigation, including *Brothers of the Wheel v. Mollohan,* Case No. 2:11-cv-00104 (S.D. W. Va.) where he was repeatedly admonished for refusing to observe the Court's requirement to seek leave of court prior to filing documents with the Court.  *See* Case No. 2:11-cv-00104 (S.D. W. Va.) at dckt. nos. 211,[2] 221,[3] 232,[4] and 245.  Likewise, in *Mollohan v. Price,* Case No. 2:13-cv-32251 (S.D. W. Va.), Chief Judge Johnston issued the following warning to Mr. Mollohan:

---

[2]   This Order further explains what a motion for leave to file is and explains that "Defendant Mollohan's practice of simply characterizing his motions as 'leave of Court to file,' but then proceeding to present his substantive arguments without permission, does not comply with this procedure."

[3] This Order denied 9 motions filed by Mr. Mollohan during a 9-week period, including a motion to disqualify Mr. Lindroth as counsel.

[4] This Order repeats the Court's detailed explanation of the process of filing a motion for leave to file.

8

Mollohan is required to conform to Rule 11's standard. Yet Mollohan pursued, in the 2011 case and again in the instant litigation, legal claims that have no basis in law or fact and appear to have been presented exclusively for the purpose to harass, insult, and embarrass BOTW and its members. The Court's prior judgment has not deterred him from that goal. Mollohan has also been admonished repeatedly for his practice of filing multiplicitous and counterproductive papers. The chiding has had no perceptible effect. Mollohan is hereby placed on notice that if he continues, in this or any other previous, current or future case before this Court, to pursue baseless legal claims or present filings in a duplicative manner, the Court will consider imposing Rule 11 sanctions. His abuses of the judicial system will not continue. If Mollohan chooses not to heed this warning, he does so at his own peril.

Case No. 2:13-cv-32251 (S.D. W. Va.), *Mem. Op. and Order* [dckt. 375] at 32.

Defendant disregarded Judge Johnston's warning in subsequent litigation. On September 5, 2014, the Trademark Trial and Appeal Board issued an order in *Brothers of the Wheel MC Executive Council, Inc. v. Gerald R. Mollohan aka Brothers of the Wheel*, Cancellation Proceeding No. 92059164 sanctioning Mr. Mollohan as follows "to prevent any further delay to the proceedings by the filing of motions without sufficient grounds":

**RESPONDENT IS <u>PROHIBITED</u> FROM FILING ANY FURTHER PAPERS OR MOTIONS WITH THE BOARD WITHOUT FIRST OBTAINING THE CONSENT OF THE ASSIGNED INTERLOCUTORY ATTORNEY.[5]**

Defendant's filings in the instant Adversary Proceeding likewise fail to assert a colorable legal argument and assert facts lacking evidentiary support. Additionally, many of these filings appear to be entirely irrelevant to this Adversary Proceeding and designed solely to harass,

---

[5] https://ttabvue.uspto.gov/ttabvue/v?pno=92059164&pty=CAN&eno=15. Footnote 2 of that Order likewise cautioned Mr. Mollohan that "under Rule 11 of the Federal Rules of Civil Procedure, Respondent is certifying that all claims and other legal contentions asserted must be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law."

insult, or embarrass Plaintiff and/or Plaintiff's counsel.  Specific examples are detailed in the enumerated paragraphs below.

1.  Defendant's *Motion to Disqualify Opposing Counsel – Conflict of Interest in Federal Civil Litigation and Brief in Support and Evidence, Supporting Memorandum with Citations* [dckt. 15], a filing exceeded 200 pages, failed to raise any colorable legal argument for the disqualification of Plaintiff's counsel.  Defendant's motion asserted that Plaintiff's counsel should be disqualified because he would need to serve as a key witness in this Adversary Proceeding.  Defendant confirmed under oath at the Show Cause Hearing his understanding that this Adversary Proceeding relates *only* to his own fraud and the dischargeability of his own debts, and he further confirmed his understanding that the actions and inner workings of Plaintiff Brothers of the Wheel are not issues before this Court.  Yet, when asked to list the issues for which Plaintiff's counsel would be required to testify, Defendant pointed only to irrelevant matters lacking evidentiary support—Mr. Lindroth's alleged habitual lying and perjury, Mr. Lindroth's knowledge of alleged fraud committed by Plaintiff's CEO, and issues pertaining to the parties' prior trademark litigation.  Defendant also presented no evidentiary support for multiple inflammatory and potentially defamatory factual allegations raised against Plaintiff and Plaintiff's counsel in the motion, including (a) accusing Mr. Lindroth of advising his client to commit fraud and crimes, including money laundering and tax evasion, (b) accusing Mr. Lindroth of "receiving cash payments obtained by a scheme of tax evasion, money laundering, and advising Plaintiff in an unethical and criminal manner," and (c) accusing Mr. Lindroth of lying and submitting falsified documents.

The Court finds that Defendant had no objective reasonable basis for filing this motion, but filed the motion purely to harass Plaintiff and Plaintiff's counsel.  The legal argument asserted therein had no chance of success, and the "facts" recited had no evidentiary support or relevance to this Adversary Proceeding.  Moreover, Defendant knew this motion was frivolous and a waste of the court's resources because he has lost when filing similar motions to disqualify Mr. Lindroth in the past, including by order entered September 27, 2016 by Magistrate Judge Tinsley in Case No. 2:13-cv-32251 (S.D. W. Va.) [dckt. 290], which also found that Mr. Mollohan "failed to present any evidence demonstrating a valid basis for Mr. Lindroth to be made a party defendant or witness in this proceeding and, thus, . . . there is no basis under the law for his disqualification . . . ." *See also Brothers of the Wheel M.C. Executive Council, Inc., v. Mollohan*, Case No. 2:11-cv-00104 (S.D. W. Va.), *Order* dated October 5, 2017 [dckt. 221] at 3 ("The allegations [regarding fraud and unethical behavior on the part of BOTW and their counsel], though serious, are conclusory and without support.").  "A party undermines the integrity of the judicial process by using a court's resources to litigate claims that it knows or suspects another court has already resolved or enjoined, and it quite obviously wastes scarce judicial resources."  *In re Jemsek Clinic, P.A.*, 850 F.3d at 157.

Defendant's *Motion to Find Plaintiff's President Paul D. Warner in Contempt of Court for Filing a Fraudulent Declaration with U.S. Patent and Trademark Office and Filing that Fraudulent Declaration and Other Fraudulent Documents* [dckt. 40] also lacked colorable legal argument and alleged facts lacking evidentiary basis.  Defendant's motion argued that Plaintiff's CEO, Mr. Warner, should be held in contempt of Court for filing a declaration that was fraudulent with the U.S. Patent and Trademark Office

regarding Plaintiff's trademark.  Defendant's factual allegations of fraud were unclear and lacked evidentiary support as only the signature page of that Declaration was provided with the Motion (attached to an Affidavit that had been previously filed in Cancellation Proceeding 92059292 before the Trademark Trial and Appeal Board).  Further, Defendant did not show in his motion or at the Show Cause Hearing that Mr. Warner (a non-party) had violated any order of this Court.

The Court finds that Defendant's legal argument for contempt had no chance of success, and Defendant had no objective reasonable basis for filing this motion.  Rather, this motion was filed purely to harass Plaintiff and Plaintiff's CEO.  Furthermore, the frivolous nature of this motion is underscored by the fact that the District Court has rejected similar arguments made against Mr. Warner.  *See Brothers of the Wheel M.C. Executive Council, Inc., v. Mollohan*, Case No. 2:11-cv-00104 (S.D. W. Va.), *Order* dated October 5, 2017 [dckt. 221] at 2 ("Mollohan's allegations of fraud [regarding Paul D. Warner and Richard Lindroth in obtaining a trademark registration] are, as they have ever been, unsupported and utterly unconvincing.").

2.    Defendant filed a *Trademark Status* report [dckt. 49] on September 30, 2021 for the purported purpose of advising the Court that "[n]ew evidence filed at Trademark Trial and Appeal Board will cancel Trademark No. 2926222 registered and owned by Plaintiff . . . ."  *See supra* note 1 (image of Mark No. 2926222).

Attached to the report were two significant exhibits.  The first was a screen shot of the U.S. Patent and Trademark Office webpage result when searched for U.S. Serial Number 76538199 associated with Mark No. 2926222, owned by Plaintiff.  The page at Exhibit A bears a warning that "[t]his trademark application… is currently undergoing a

challenge which may result in its removal from the registry."[6]  Exhibit B to the Report is a webpage within the Trademark Trial and Appeal Board Inquiry System showing the status of Cancellation Proceeding 92059292, which is the cancellation proceeding referenced in Exhibit A, as being <u>terminated and denied</u>.  When asked at hearing why he would submit a filing with the Court to advise that a cancellation proceeding was active when it has been terminated, Defendant vaguely testified that he was referring to a different, active cancellation proceeding.

The Court takes judicial notice of the public information available on the Trademark Trial and Appeal Board Inquiry System, which shows three proceedings pertaining to Mark 292622, as follows: (a) Cancellation Proceeding 92056674, which was brought by Defendant against Plaintiff to cancel Plaintiff's Mark 292622, (b) Cancellation Proceeding 9205929, which was brought by Frank J. Visconi against Plaintiff to cancel Plaintiff's Mark 292622, and (c) Cancellation Proceeding 92059164, which was brought by Plaintiff against Defendant to cancel his Mark 4299480[7] and has been stayed pending the conclusion of Defendant's Bankruptcy Case.[8]

---

[6] https://tsdr.uspto.gov/#caseNumber=76538199&caseType=SERIAL_NO&searchType=statusSearch (last accessed 10/22/2021).

[7] Mark 4299480 appears as follows:  BROTHERS OF THE WHEEL .

https://tsdr.uspto.gov/#caseNumber=4299480&caseSearchType=US_APPLICATION&caseType=SERIAL_NO&searchType=statusSearch (last accessed 10/22/2021).

[8] https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=&propno=&qs=2926222&propnameop=& propname=&pop=&pn=&pop2=&pn2=&cop=&cn= (last accessed 10/22/2021).

Contrary to Plaintiff's *Status Report* and assertions at the Show Cause Hearing, both Cancellation Proceedings against Mark 292622 have been dismissed <u>with prejudice</u>. Cancellation Proceeding 92059292 was dismissed with prejudice on January 29, 2021,[9] and the Cancellation Proceeding 92059292 was dismissed with prejudice on August 19, 2021.[10]   Therefore, all Cancellation Proceedings pertaining to Mark 292622 had been dismissed <u>with prejudice</u> prior to the date that Defendant filed the Trademark Status Report advising that "[n]ew evidence filed at Trademark Trial and Appeal Board will cancel Trademark No. 2926222 registered and owned by Plaintiff . . . ."   Defendant has also filed at least six motions with the District Court requesting that Mark No. 2926222 be cancelled, and each such motion has been denied.  *See Brothers of the Wheel M.C. Executive Council, Inc., v. Mollohan*, Case No. 2:11-cv-00104 (S.D.W. Va.), *Order* dated March 1, 2017 [dckt. 211] at 1.

The Court finds that Defendant lacked an objectively reasonable basis for filing the *Status Report.*  Rather, Defendant's motivation for filing the *Status Report* was to mislead this Court to believe that Mark 292622 remained subject to an active cancellation proceeding, which is contrary to the clear public record, patently unreasonable under any standard, and deserving of sanctions.  *See McGharen*, 111 F.3d at 1170 (affirming sanctions against *pro se* litigant who filed deceptive documents and half-truths to prove his

---

[9] https://ttabvue.uspto.gov/ttabvue/v?pno=92056674&pty=CAN and
https://ttabvue.uspto.gov/ttabvue/v?pno=92056674&pty=CAN&eno=79 (last accessed
10/22/2021).

[10] https://ttabvue.uspto.gov/ttabvue/v?pno=92059292&pty=CAN and
https://ttabvue.uspto.gov/ttabvue/v?pno=92059292&pty=CAN&eno=66 (last accessed
10/22/2021).

case); *In re Jemsek Clinic, P.A.*, 850 F.3d at 157 (affirming a bankruptcy court's inherent

powers to sanction bad faith conduct where a litigant failed to inform the bankruptcy court

that it had been enjoined from raising claims being litigated before it).    Such bad faith

conduct and attempts to perpetrate a fraud on the court, including through oral statements

made at hearing beyond the reach of Rule 9011, are sanctionable pursuant to the Court's

inherent powers.  *See Chambers*, 501 U.S. at 51 (affirming District Court's use of inherent

powers to sanction litigant attempting to perpetrate a fraud on the court).

       The Court further finds that Defendant's conduct has been vexatious and in bad

faith, warranting sanctions under the Court's inherent powers.  Defendant's filings are brimming

with improper name-calling and various derogatory accusations against Plaintiff and persons

associated with Plaintiff bearing no relevance to this case.  Defendant's *Objections and Motion to

Quash Subpoena* [46], which was denied as moot, accuses Plaintiff's counsel of "fraud upon the

Court" by "knowingly, purposefully and with specific intent fil[ing] numerous falsehoods," and

accuses Plaintiff of "surfing the internet, making stuff up as they go along and filing it in the courts

. . . ."  Defendant's *Response, Objections and Rebuttal to Plaintiff's Baseless, Frivolous and

Specious Motion to Permit Assistance in Deposition Questioning* [dckt. 61] calls Plaintiff and

counsel "clinical liars, dishonest and unethical," as well as "Fraudsters and Congenial Liars

attempt[ing] to steal from Defendant . . . ," and accuses Plaintiff of hiding assets with the assistance

of counsel.  Defendant's *Response, Objections and Rebuttal to Plaintiff's Baseless, Frivolous, and

Specious "Motion for a More Definite Statement and Motion to Strike* [dckt. 57] calls Plaintiff

"clinical liars," "fraudsters" and "what-a-be bikers*,*" and accuses Plaintiff of intimidation,

slanderous remarks, falsehoods, and operating as a shell corporation for a dominant shareholder.

## III.

Upon consideration of these matters, and for the reasons stated on the record at Hearing, the Court **FINDS** that Defendant has and is continuing to engage in a pattern and practice of filing documents with courts that:

(a) contain egregious, defamatory allegations of fraud, criminal conduct, and other bad acts by plaintiff and plaintiff's counsel without evidentiary support;

(b) assert arguments not colorable under the law and having no chance of success;

(c) attach voluminous material re-packaged from prior litigation irrelevant to this nondischargeability; and

(d) seek to relitigate issues already raised, and lost, multiple times before other courts.

The Court further **FINDS** that this practice violates Federal Rule of Bankruptcy Procedure 9011(b) and constitutes abusive and vexatious litigation. The Court further **FINDS** that Defendant filed the *Status Report* in bad faith with the intent of perpetuating a fraud upon the Court and misleading the Court to believe that an active cancellation proceeding was taking place with respect to Mark No. 2926222.

Accordingly, the Court hereby **ORDERS** that the following sanctions be imposed upon Defendant pursuant to the Court's authority under Federal Rule of Bankruptcy Procedure 9011(b), 28 U.S.C. § 1651, and 11 U.S.C. § 105(a):

1.     Defendant is enjoined from filing any pleadings, motions, or other documents in this Court without either (a) the signature of an attorney licensed to practice before this Court or (b) leave of Court.

2.     In seeking leave of Court to file documents *pro se*, Defendant will be required to submit to the Clerk of Court an affidavit entitled "Application Seeking Leave To File"

with an attached copy of this order entered by this Court imposing the filing restrictions.   The

affidavit must contain the following:

A. A brief description of the legal basis for the relief sought and a

certification that the claims or contentions have not been raised before any court and have

not been disposed of on the merits by any court.

B. A certification that to the best of Defendant's knowledge, the legal

arguments advanced are not frivolous or made in bad faith, are warranted by existing law

or a good faith argument for the extension, modification or reversal of existing law, have

not previously been denied by this Court or any other court of law, and are not imposed for

any improper purpose, such as to harass Plaintiff, cause delay, or needlessly increase the

cost of litigation;

C. A certification that Defendant will comply with all rules of procedure

and local rules of the Court; and

D. A certification that the proposed pleading, motion, or other document

has not been ghostwritten by a lawyer.

The Court further **ORDERS** Defendant to refrain from (a) engaging in abusive,

vexatious, frivolous litigation tactics in the future, (b) polluting the docket with voluminous,

irrelevant materials, (c) engaging in harassment through name-calling and irrelevant, derogatory

remarks and accusations against Plaintiff, Plaintiff's counsel, and other individuals associated with

the Plaintiff, and (d) using the word mark "Brothers of the Wheel" and/or the acronym "BOTW"

to identify Defendant in filings in violation of the injunction established by the United States

District Court for the Southern District in its *Order* dated November 14, 2012 in Case No. 2:11-

cv-00104 (S.D. W. Va.) [dckt. 60].

17

These sanctions are proportionate to the severity of Defendant's conduct and are warranted to effectively deter similar conduct in the future.  In the event Defendant fails to abide by this Order and continues engaging in abusive, vexatious, bad faith conduct in the future, the Court will consider requiring Defendant to pay monetary sanctions and strictly restricting Defendant from proceeding *pro se* without an attorney.